IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie James Ladson, ) | C/A No. 3:06-323-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER and OPINION** |
| ) | |
| George T. Hagan, Warden; ) | |
| The State of South Carolina, and ) | |
| Henry Dargan McMaster, Attorney General ) | |
| of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Willie James Ladson, appearing *pro se*, is an inmate at the Allendale Correctional Institution in Fairfax, South Carolina. Petitioner is serving a sentence of life imprisonment for a 1985 conviction for murder in state court. § 2254 Petition, 1. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge issued a Report and Recommendation on February 3, 2006 in which he recommended that Petitioner's motion be dismissed without prejudice and without requiring Respondent's to file a return. Petitioner filed objections to the Report and Recommendation on February 23, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner has previously filed a petition for a writ of habeas corpus in this court. See Report and Recommendation, 2 (citing Ladson v. Witkowski, 3:90-2650-MJP-HMH (D.S.C. 1990)). Accordingly, the Magistrate Judge recommended that the case be dismissed without prejudice so that Petitioner may obtain authorization to file a successive petition from the Fourth Circuit Court of Appeals. Id. at 3. In his objections, Petitioner states that he "does not substantially disagree with the history of the case set forth by the Magistrate Judge but disagree[s] that [his petition should] be dismissed." Objections, 1. Petitioner states that his petition is based "on [a] change in controlling law . . . [that is] retroactively available . . . [to him]." Id. at 2.

Petitioner can file a successive § 2254 petition if "[he] shows that [his] claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable [to him]." 28 U.S.C. § 2244 (b)(2)(A). However, even if Petitioner is technically permitted to file a successive petition, he must first receive authorization to do so from the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2244 (b)(3)(A).[1] Accordingly, the court adopts the Report and Recommendation of the Magistrate Judge and **dismisses** the petition without prejudice without requiring Respondents to file a return.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

June 12, 2006
Columbia, South Carolina

---

[1] Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit at 1100 E. Main St., Richmond, Virginia 23219.

2